*In re* MODESTO VÁZQUEZ SUÁREZ, querellado.

Número 96.
*Sometido:* 21 de octubre de 1959. *Resuelto:* 4 de noviembre de 1959.

---

*Benjamín Ortiz* y *José Julio Santiago,* abogados del querellado;
*Hon. Secretario de Justicia Hiram R. Cancio* y *William Fred
Santiago, Fiscal Interino, Tribunal Supremo,* abogados de El
Pueblo.

## RESOLUCIÓN

*Por Cuanto:* El Secretario de Justicia y el Fiscal Interino
de este Tribunal presentaron una querella contra el abogado
Modesto Vázquez Suárez imputándole lo siguiente:

"Que el día 5 de noviembre de 1958, mientras el querellado
Modesto Vázquez Suárez ejercía su profesión de abogado en el
Tribunal de Distrito de Puerto Rico, Sala de Caguas y celebrán-
dose vistas en la ciudad de Aguas Buenas, observó en dicho Tri-
bunal y mientras éste se encontraba en sesión, una conducta in-
moral e impropia de un abogado en detrimento del prestigio, la
dignidad y el buen nombre del Tribunal y de la Administración
de la Justicia. Dicha conducta impropia del querellado, consis-
tió en interrumpir la sesión mientras se celebraba un juicio en
el cual, él no era parte, y en una forma violenta e insólita aco-
metió y agredió al Hon. Juez de Paz, Ramón López Rodríguez,
quien se encontraba allí frente al estrado del Tribunal, presidido
en esa ocasión por el Hon. Juez René Rivera Colomer. Que esta
conducta impropia del querellado, paralizó los trabajos del Tri-
bunal promoviéndose el consiguiente desorden, interrumpiéndose
así la sesión, habiendo tenido que intervenir varios funcionarios
del Tribunal y varios miembros de la Policía Estatal, para evitar
futuras agresiones físicas y poner fin al caos allí creado."

*Por Cuanto:* Referido este caso al Hon. Ramón A. Cancio,
Juez del Tribunal Superior, para que en calidad de "Comisio-
nado Especial" procediera a oir y recibir la prueba, certifi-
carla debidamente y remitirla a este Tribunal con sus conclu-
siones de hecho, dicho magistrado, luego de los trámites

usuales y la correspondiente vista, remitió su informe considerando probados los siguientes hechos:

"2. El día 5 de noviembre de 1958 compareció ante el Tribunal de Distrito de Puerto Rico, Sala de Caguas constituída en Aguas Buenas, a representar y defender como abogado a varios acusados por sendos delitos por alegadas infracciones a los artículos 299 y 300 del Código Penal. Hizo alegación de inocencia a nombre de todos sus representados. Planteó entonces que las denuncias no aducían hechos constitutivos de delito público. El Tribunal declaró con lugar la cuestión en cuanto a la denuncia bajo el Artículo 299 y absolvió libremente al único de los acusados por ese delito. Luego de declarar sin lugar la cuestión en cuanto a la otra denuncia, de la cual respondían todos los demás acusados, el Juez que presidía la Sala (Hon. René Rivera Colomer) los declaró culpables del delito que se les imputaba sin que hubieran variado su alegación de inocencia y sin haber desfilado prueba para establecerlo. (*) Impuso el Juez de Distrito a cada

---

(*) Es necesario aclarar, porque el Comisionado Especial no lo hace en su Informe, que en cuanto a este extremo el Juez Rivera Colomer declaró lo siguiente:

"P. ¿Y qué ocurrió entonces?

"R. Entonces él [Lic. Vázquez Suárez] sometió el caso solamente con la cuestión de derecho, aceptando los hechos.

"P. ¿El usó esa frase 'acepto los hechos'?

"R. Es más dijo: 'Señor Juez, usted siempre le va a dar credibilidad a la policía, así es que aceptamos los hechos y sometemos el caso.'

"P. ¿Y usted condenó?

"R. Si él aceptaba los hechos, pues condené."

Por el contrario, el querellado insistió en que solamente había sometido la cuestión de derecho, que el Juez dictó sentencia inmediatamente de declarar que dicha cuestión no procedía, que él le pidió reconsideración, señalando entre otros fundamentos que no había desfilado prueba, y que ante esa solicitud, el Juez guardó silencio. Añade que más tarde, cuando el alguacil iba a llevarse las personas convictas, repitió el planteamiento sobre la ausencia de prueba de cargo. En ese momento ocurrió el incidente con el Juez de Paz. Las declaraciones de los otros testigos no arrojan luz sobre este diálogo entre Juez y abogado. Consideradas todas las circunstancias, nos parece más confiable el testimonio del Juez Rivera Colomer sobre estos hechos.

La prueba demuestra, además, que en ese mismo día el Juez Rivera Colomer, actuando en Caguas, y en virtud de una solicitud de los convictos transmitídale por el alcaide de cárcel en ausencia del abogado Vázquez Suárez, reconsideró su sentencia anterior y rebajó la multa de $25 a $5, la cual los convictos pagaron.

uno de estos acusados una pena de $25 de multa o veinticinco días de cárcel. El aquí querellado pidió al Juez que les fijara fianza para apelar de las sentencias. El Juez fijó a cada uno una fianza de $500. El aquí querellado solicitó del Juez los formularios impresos para prestar las fianzas. El Juez que presidía la Sala los pidió a su vez del Juez de Paz designado para Aguas Buenas, Sr. Ramón López Rodríguez, que se encontraba allí presente.(¹) El Juez de Paz contestó que los formularios se habían terminado. Comenzó a ventilarse otro caso en que el aquí querellado no intervenía como abogado. Se dirigió no obstante al Juez de Distrito inquiriendo nuevamente por los formularios. El Juez de Distrito le replicó lo que otra vez le informó el Juez de Paz—que los formularios se habían terminado, que habían sido pedidos a la Sala de Caguas del Tribunal de Distrito o a la Oficina de Administración de los Tribunales y que no los habían enviado. Se trabó entonces una discusión entre el letrado y el Juez de Distrito en que aquél acusó de negligencia al Tribunal y al Juez de Paz por no tener allí disponibles los formularios para las fianzas en apelaciones. El Juez de Distrito le contestó que eso no era responsabilidad suya sino del Juez de Paz y ordenó al alguacil que ingresara a los acusados en la cárcel hasta que prestaran la fianza. Protestó de esto el aquí querellado diciendo al Juez que presidía la Sala que lo denunciaría si ordenaba el ingreso de los acusados en la cárcel y repitiendo sus acusaciones contra el Juez de Paz a quien llamó negligente e incompetente.

"3. Durante la referida discusión el querellado estaba de pie frente al Juez de Distrito y de espaldas al Juez de Paz. Este estaba sentado en el sitio destinado a los abogados, pegado de la baranda que lo separa del destinado al público. Cuando el querellado lo llamó incompetente y negligente mientras argüía con el Juez de Distrito, el Juez de Paz le dijo desde su asiento con voz suplicante que no hablara así. Acto seguido el querellado viró hacia donde estaba el Juez de Paz sentado y se abalanzó a darle con un libro que tenía en la mano. Al perder el equilibrio, el querellado cayó sobre las rodillas del Juez de Paz alcanzándolo con el libro sobre la frente. Inmediatamente intervinieron varios policías que estaban en la sala del tribunal y los separaron.

---

(¹) "El Sr. López Rodríguez gozaba entonces de vacaciones, pero siempre solía asistir a las sesiones del Tribunal para prestar su ayuda al Juez de Distrito y a los demás funcionarios de la corte."

"4. El incidente produjo el consabido desorden que incidentes de esta naturaleza siempre ocasionan en el recinto de la justicia. Uno de los policías tuvo que subirse a uno de los asientos en el sitio destinado a los abogados para contener al público que quería pasar ahí. La sesión del Tribunal quedó interrumpida hasta que se logró restablecer el orden.

"5. No nos ha merecido crédito la prueba del querellado tendente a establecer que él no tuvo el propósito de agredir al Juez de Paz, sino que reaccionó instintivamente para defenderse ante el temor de ser atacado cuando vio que el Juez iba a incorporarse y se llevaba la mano hacia un arma que portaba.(²) Aunque ya va dicho, expresamente concluimos que el Juez de Paz no hizo por incorporarse ni ademán alguno de atacar al querellado. Nuestra apreciación de la prueba, por inferencia razonable derivada de la que no está en conflicto y de la contradicha que nos ha merecido crédito, conduce a concluir que el querellado actuó movido por el coraje o la irritación que le produjo que no se absolviera perentoriamente a todos sus defendidos; que a los no absueltos se les condenara sin que desfilara prueba de cargo; que a cada uno se le fijara una fianza de $500 para apelar; y, especialmente, que no aparecieran los formularios para las fianzas en apelación y que a pesar de que no los había—de lo que inculpaba al Juez de Paz—se ordenara el ingreso de sus defendidos en la cárcel hasta que prestaran la fianza. El coraje o la irritación que todo esto había producido en el querellado se desató súbita e irreflexivamente contra el Juez de Paz cuando éste le interrumpió en sus acusaciones de negligencia e incompetencia para decirle que no hablara así.

"6. Debemos por último señalar al Hon. Tribunal, para completar el cuadro en que se desenvolvía el querellado, que para los mismos días de los hechos que motivaron la querella él venía bajo la tensión nerviosa de la enfermedad que después ocasionó la muerte de su señora madre; y que desde hacía algún tiempo apenas dormía para asistirla de noche en sus últimos días de vida."

---

(²) "El querellado utilizó, en relación con su prueba en tal sentido, el hecho de que él sabía que el señor López Rodríguez había padecido de sus facultades mentales y había sido declarado incapaz judicialmente. (El señor López Rodríguez recobró en salud mental y fue rehabilitado para regir su persona y bienes dos años antes de que se le nombrara Juez de Paz en 1949)."

*Por Cuanto:* El querellante ha informado que nada tiene que objetar a las conclusiones del Comisionado Especial y el querellado ha sometido las siguientes objeciones, sin argumentación:

"1. El querellado objeta la conclusión de hecho al efecto de que 'Acto seguido el querellado viró hacia donde estaba el Juez de Paz sentado y se abalanzó a darle con un libro que tenía en la mano'.

"2. El querellado objeta las conclusiones de hecho del párrafo 5 del Informe."

*Por Cuanto:* Estudiadas las objeciones del querellado y examinada la prueba que tuvo ante sí el Comisionado Especial no hay dudas de que los hechos alegados en la querella han sido claramente probados.

*Por Cuanto:* La conducta observada por el querellado en el incidente a que se refiere la querella fue manifiestamente impropia e indigna de un abogado, altamente lesiva al prestigio, dignidad y buen nombre del Tribunal de Distrito y de la administración de justicia y en violación del Canon 1 de los Cánones de Etica Profesional que Regirán la Conducta de los Abogados de Puerto Rico.

*Por Tanto:* Consideradas todas las circunstancias del caso, este Tribunal resuelve imponer, como por la presente impone, al querellado Modesto Vázquez Suárez una suspensión de seis meses del ejercicio de la profesión de abogado en nuestra jurisdicción.

Lo acordó el Tribunal y firma el señor Juez Presidente Interino.