*In re* MODESTO VÁZQUEZ SUÁREZ, querellado.

*Número:* 105. *Resuelto:* 13 de Octubre de 1961.

*Sergio A. Peña Clós* y *S. L. Lagarde Garcés,* abogados del querellado; *J. B. Fernández Badillo, Procurador General* y *R. Cruz Contreras* y *J. Segarra Olivero, Procuradores Generales Auxiliares,* abogados de El Pueblo.

## RESOLUCIÓN

*Por cuanto:* El Procurador General de Puerto Rico presentó una querella contra el abogado Modesto Vázquez Suárez imputándole lo siguiente:

"El querellado Modesto Vázquez Suárez, en fecha 20 de junio de 1960, en la Sala de Sesiones del Tribunal de Distrito de Puerto Rico, Sala de Gurabo, presidido en dicha ocasión por el Hon. Juez Felipe Ortiz Ortiz, observó una conducta inmoral e impropia de un abogado consistente en que acometió y agredió frente al estrado de dicho Tribunal, a su cliente, el ciudadano Iván Luiz Martínez Márquez. La conducta inmoral e impropia del querellado fue realizada en detrimento del prestigio y la dignidad del Tribunal de Justicia de Puerto Rico."

*Por cuanto:* Referido este caso al ·Hon. Plinio Pérez

Marrero, Juez del Tribunal Superior, para que en calidad de "Comisionado Especial" procediera a oir y recibir la prueba, certificarla debidamente y remitirla a este Tribunal con sus conclusiones de hecho, dicho magistrado luego de los trámites usuales y la correspondiente vista, remitió su informe considerando probados los siguientes hechos:

"El querellado Modesto Vázquez Suárez es abogado y fue admitido al ejercicio de su profesión el 10 de Sept. de 1953. El 16 de mayo de 1960 el Sr. Iván Martínez Márquez estuvo en el bufete del querellado en Caguas y contrató los servicios de éste por $35.00 para que lo representara en un caso que por un delito de Acometimiento y Agresión Grave pendía contra él en el Tribunal de Distrito, Sala de Gurabo y el cual se iba a ventilar el 19 de dicho mes. De los honorarios pactados el Sr. Martínez adelantó al querellado $10.00 y le quedó a deber $25.00. Ese mismo día 16 de mayo el querellado radicó una moción de suspensión en dicho caso. No volvió a ver al Sr. Martínez hasta el día 20 de junio próximo en que se trasladó a la Sala de Gurabo a entender en otros casos que tenía allí señalados.

"Ese día, y por voz del denunciado, se enteró que el caso había sido señalado para esa fecha y que la madre de la perjudicada estaba dispuesta a aceptar que se transiguiese [sic] el caso si se le entregaban $25.00. El querellado preparó una moción de transacción y al llamarse el caso por la mañana informó al Tribunal sobre la misma, pero la madre de la perjudicada se opuso a que se le diera curso hasta que no se le hubiesen entregado los $25.00. Como el allí acusado solamente tenía $15.00 el Hon. Felipe Ortiz, Juez de Distrito quien presidía la sesión, ordenó el caso se llamara nuevamente por la tarde. Luego de discutir con su cliente el querellado se retractó de su intención original de radicar la moción de transacción y la puso en su portafolio. El Juez informó al acusado que tratase de conseguir el dinero que le faltaba para completar los $25.00 y que al otro día se trasladara a Caguas para darle curso al caso o que buscara otra persona que le hiciera una moción de transacción.

"El querellado entendió que su contrato de servicios profesionales con su cliente había terminado antes de preparar la moción de transacción ya que éste no había satisfecho el remanente de lo pactado ($25.00). Al retirar la moción el querellado el Sr. Martínez lo requirió para que le devolviera los

$10.00 que le había pagado y para que radicara la moción. En esos momentos había terminado la sesión; el Alguacil lo había anunciado así, aún cuando el Juez permanecía en estrado hablando con su secretaria quien estaba sentada a su lado derecho. En esos precisos momentos el Sr. Martínez caminó hacia el querellado y lo requirió en el mismo sentido. El Sr. Martínez estaba interpuesto entre el querellado y la salida de la Sala. La discusión subió de tono y los ánimos se exaltaron. El querellado se negó a los deseos del Sr. Martínez, y al virarse el querellado para dirigirse al estrado el Sr. Martínez, consecuentemente con su actitud de exigencia, lo haló por la chaqueta. En ese instante el querellado se viró y lo agredió en el rostro propinándole una bofetada. En el acto intervino la policía. El caso fue sometido al magistrado allí presente para determinación de causa probable y éste ordenó el arresto del querellado por un delito de Acometimiento y Agresión Grave."

*Por cuanto:* Las partes han informado que no tienen objeciones al informe del Comisionado Especial.

*Por cuanto:* Examinada la prueba que tuvo ante sí el Comisionado Especial, no hay dudas de que los hechos alegados en la querella han sido claramente probados.

*Por cuanto:* La conducta observada por el querellado en el incidente a que se refiere la querella fue manifiestamente impropia e indigna de un abogado, lesiva al prestigio, dignidad y buen nombre del Tribunal de Distrito y de la administración de justicia y en violación del Canon 1 de los Cánones de Etica Profesional que Regirán la Conducta de los Abogados de Puerto Rico.

*Por cuanto:* En 4 de noviembre de 1959 este Tribunal impuso al querellado una suspensión de seis meses del ejercicio de la profesión por una conducta similar a la aquí incurrida. *In Re Vázquez Suárez,* 81 D.P.R. 638.

*Por tanto:* Consideradas todas las circunstancias del caso, este Tribunal resuelve imponer, como por la presente impone, al querellado Modesto Vázquez Suárez, una suspensión de un año del ejercicio de la profesión de abogado en nuestra jurisdicción.

Lo acordó el Tribunal y firma el señor Juez Presidente.