*In re* FRANCISCO NAVARRO MENDÍA, querellado.

Número 83.
*Sometido:* 1 de febrero de 1955. *Resuelto:* 31 de mayo de 1955.

Hon. Secretario de Justicia José Trías Monge y Baldomero Freyre, Fiscal Especial General, abogados de El Pueblo; *César Andréu Ribas* y *Guillermo Cintrón Ayuso*, abogados del querellado.

*PER CURIAM:* El día 4 de diciembre de 1953 el Fiscal General Especial por delegación del Secretario de Justicia presentó en este Tribunal querella de *disbarment* contra el abogado Francisco Navarro Mendía. Contestó el querellado, y por resolución de 2 de abril de 1954 nombramos al Juez J. M. Calderón, Jr., para actuar de *Master*, y oír y recibir toda la prueba que las partes tuvieran a bien presentar, certificándola y remitiéndola a esta Corte con sus conclusiones de hecho. En la mencionada querella se formularon los siguientes cargos contra el querellado:

"PRIMERO: Que el abogado Francisco Navarro Mendía, siendo uno de los abogados de Víctor Maneiro, demandado en el caso núm. 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, retiró de dicho Tribunal el cheque número 2038, de fecha 30 de octubre de 1952, a la orden de Víctor Maneiro, por la cantidad de setecientos (700) dólares, importe de la consignación hecha por El Pueblo de Puerto Rico a favor del demandado Víctor Maneiro, por una parcela de terreno y edificación de su propiedad, sitos en Salinas, Puerto Rico, y objeto de expropiación en dicha causa núm. 587 del Tribunal de Expropiaciones de Puerto Rico, y en 18 de noviembre de 1952 el mencionado Francisco Navarro Mendía, ilegal, voluntaria, maliciosamente y con intención de defraudar, sin la debida autorización o consentimiento para ello del mencionado Víctor Maneiro, circuló y presentó, para su cobro, en el Banco Popular de Puerto Rico, oficina de Santurce, Puerto Rico, el cheque a que se ha hecho referencia en este cargo, con el endoso falsificado de Víctor Maneiro, a sabiendas, allí y entonces, de que dicho endoso era ilegítimo y falsificado, recibiendo por dicho cheque la suma de setecientos (700) dólares, en moneda legal de los Estados Unidos de América, y reteniendo dicha suma de dinero en su propio beneficio y en perjuicio de Víctor Maneiro, legítimo dueño de la misma, hasta uno de los días del mes de junio de 1953, en que finalmente entregó a dicho Víctor Maneiro el importe del antes mencionado cheque. Que el abogado Francisco Navarro Mendía procedió a efectuar dicho pago a su cliente Víctor Maneiro después de venir en conocimiento de que su conducta, en este respecto, era investigada por inspectores de la oficina del Contralor de Puerto Rico.

"SEGUNDO: Que el abogado Francisco Navarro Mendía, siendo uno de los abogados de Víctor Maneiro, demandado en el caso núm. 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, retiró de dicho Tribunal el cheque núm. 2110, de fecha 29 de diciembre de 1952, a la orden de Víctor Maneiro, por la cantidad de setecientos noventa y cuatro dólares con cuarenta y ocho centavos ($794.48), importe de la consignación hecha por El Pueblo de Puerto Rico a favor del demandado Víctor Maneiro, por una parcela de terreno de su propiedad, sita en Salinas, Puerto Rico, objeto de expropiación en dicha causa núm. 587 del Tribunal de Expropiaciones de Puerto Rico, y en 31 de diciembre de 1952 el mencionado Francisco Navarro Mendía, ilegal, voluntaria, maliciosamente y con intención de defraudar, sin la debida autorización o consentimiento para ello del mencionado Víctor Maneiro, circuló y presentó, para su cobro, en el Banco Popular de Puerto Rico, oficina de Santurce, Puerto Rico, el cheque a que se ha hecho referencia en este cargo, con el endoso falsificado de Víctor Maneiro, a sabiendas, allí y entonces, de que dicho endoso era ilegítimo y falsificado, recibiendo por dicho cheque la suma de setecientos noventa y cuatro dólares con cuarenta y ocho centavos ($794.48), en moneda de curso legal de los Estados Unidos de América, reteniendo dicha suma de dinero en su propio beneficio y en perjuicio de Víctor Maneiro, legítimo dueño de la misma, hasta uno de los días del mes de junio de 1953, en que finalmente entregó a dicho Víctor Maneiro el importe del antes mencionado cheque. El abogado Francisco Navarro Mendía procedió a efectuar dicho pago a su cliente Víctor Maneiro después de venir en conocimiento de que su conducta, en relación con la causa antes mencionada, era investigada por inspectores de la oficina del Contralor de Puerto Rico.

"TERCERO: Que el abogado Francisco Navarro Mendía, siendo uno de los abogados de Gervasia Torres Ortiz, demandada en el caso núm. 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, retiró de dicho Tribunal el cheque número 2198, de fecha 4 de marzo de 1953, a la orden de Gervasia Torres Ortiz, por la cantidad de cuatrocientos veinte y siete dólares con cincuenta y dos centavos ($427.52), importe de la consignación hecha por El Pueblo de Puerto Rico a favor de la demandada Gervasia Torres Ortiz, por una parcela de terreno de su propiedad, sita en Salinas, Puerto Rico, objeto de expropiación en dicha causa núm. 587 del Tribunal de Expropiaciones

de Puerto Rico, y en marzo 6 de 1953 el mencionado Francisco Navarro Mendía, ilegal, voluntaria, maliciosamente y con intención de defraudar, sin la debida autorización o consentimiento para ello de la mencionada Gervasia Torres Ortiz, circuló y presentó, para su cobro, en el Banco Popular de Puerto Rico, oficina de Santurce, Puerto Rico, el cheque a que se ha hecho referencia en este cargo, con el endoso falsificado de Gervasia Torres Ortiz, a sabiendas, allí y entonces, de que dicho endoso era ilegítimo y falsificado, recibiendo por dicho cheque la suma de cuatrocientos veinte y siete dólares con cincuenta y dos centavos ($427.52), en moneda legal de los Estados Unidos de América, y reteniendo dicha suma de dinero en su propio beneficio y en perjuicio de Gervasia Torres Ortiz, legítima dueña de la misma, hasta uno de los días del mes de junio de 1953, en que finalmente entregó a dicha Gervasia Torres Ortiz el importe del antes mencionado cheque. Que el abogado Navarro Mendía procedió a efectuar dicho pago a su cliente Gervasia Torres Ortiz después de venir en conocimiento de que su conducta, en relación con la causa antes mencionada, era investigada por inspectores de la oficina del Contralor de Puerto Rico.

"CUARTO: Que el abogado Francisco Navarro Mendía, siendo uno de los abogados de Arcadio Colón Román, demandado en el caso núm. 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, retiró de dicho Tribunal el cheque número 2197, de fecha 4 de marzo de 1953, a la orden de Arcadio Colón, por la cantidad de mil trescientos treinta y seis dólares con sesenta y un centavos ($1,336.61), importe de la consignación hecha por El Pueblo de Puerto Rico a favor del mencionado Arcadio Colón, por una parcela de terreno de su propiedad, sita en Salinas, Puerto Rico, objeto de expropiación en dicha causa núm. 587 del mencionado Tribunal, y en 11 de marzo de 1953 el abogado Francisco Navarro Mendía, ilegal, voluntaria, maliciosamente, y con intención de defraudar, sin la debida autorización o consentimiento para ello del mencionado Arcadio Colón Román, circuló y presentó, para su cobro, en el Banco Popular de Puerto Rico, oficina de San Juan, el cheque a que se ha hecho referencia en este cargo, con el endoso falsificado de Arcadio Colón, a sabiendas, allí y entonces, de que dicho endoso era ilegítimo y falsificado, y recibiendo por dicho cheque la suma de mil trescientos treinta y seis dólares con sesenta y un centavos ($1,336.61), en moneda legal de los Estados Unidos de América, reteniendo dicha suma de dinero, en su propio

beneficio y en perjuicio de Arcadio Colón, legítimo dueño de la misma, hasta el día 21 de mayo de 1953, en que finalmente entregó a dicho Arcadio Colón Román la suma de mil trescientos dos dólares ($1,302), pago que efectuó el mencionado letrado cuando vino en conocimiento de que su conducta, en este respecto, era objeto de investigación por inspectores de la oficina del Contralor de Puerto Rico, después de haber sido prevenido de acción judicial por su cliente Arcadio Colón.

"QUINTO: Que el abogado Francisco Navarro Mendía, habiendo convenido con Arcadio Colón en cobrar a éste por el concepto de honorarios de abogados el cincuenta por ciento (50%) del exceso de la cantidad consignada por El Pueblo de Puerto Rico a favor de dicho Arcadio Colón Román, por una parcela de su propiedad, sita en Salinas, Puerto Rico, objeto de la expropiación en la causa núm. 587 del Tribunal de Expropiaciones de Puerto Rico, ilegalmente, sin justificación, título ni derecho alguno para ello, retuvo para sí, so pretexto de derecho a ello por concepto de honorarios de abogados, por sobre la protesta del mencionado Arcadio Colón Román, la suma de treinta y cuatro dólares con sesenta y un centavos ($34.61), propiedad de dicho Arcadio Colón Román. Que dicha suma de treinta y cuatro dólares con sesenta y un centavos ($34.61) era parte de la compensación consignada por El Pueblo de Puerto Rico a favor del mencionado Arcadio Colón Román en la causa antes mencionada. Que con dicha conducta el abogado Francisco Navarro Mendía ha defraudado al mencionado Arcadio Colón Román en la ameritada suma de treinta y cuatro dólares con sesenta y un centavos ($34.61)."

La querella fué contestada por el querellado, alegando lo que pasamos a transcribir:

"1.—El querellado acepta del hecho primero de la querella, que es uno de los abogados de Víctor Maneiro, en el caso de expropiación ante el Tribunal Superior de Puerto Rico, Sala de Expropiaciones, y acepta que en dicho caso, debidamente autorizado, retiró de dicho Tribunal un cheque por la suma de Setecientos Dólares. Alega el querellado que éste no tenía conocimiento al momento de cambiar dicho cheque y de circularlo y presentarlo para su cobro en el Banco Popular de Puerto Rico, de que el mismo no hubiere sido endosado por la persona a nombre de la cual había sido expedido, y alega, además, que debido al gran número de personas que representaba en dicho

pleito, y con las cuales tuvo que sostener relaciones profesionales, las que consistieron en muchas ocasiones en una sola breve entrevista de grupo al hacerse cargo de dicho pleito, el querellado no conocía personalmente a sus representados, y admite no haber ejercido la debida diligencia, cuidado y celo en la vigilancia de los intereses de sus representados, a los fines de identificar debidamente a las personas a cuyo nombre se libraron los referidos cheques, no recordando el querellado los detalles y pormenores de cada una de las circunstancias en que éste tuvo que cambiar cheques como el del referido Víctor Maneiro. Alega, además, el querellado que no causó perjuicio alguno al referido Víctor Maneiro, ya que el querellado entregó íntegramente el importe del referido cheque a su representado, antes de que tuviera conocimiento de que se estuviese realizando investigación alguna.

"2.—Contestando el cargo segundo de la querella, el querellado reproduce íntegramente todo lo alegado en relación con el cargo primero precedente, por tratarse de la misma persona, los mismos hechos y las mismas circunstancias.

"3.—Del hecho o cargo tercero de la querella, el querellado acepta que es uno de los abogados de Gervasia Torres Ortiz, en el caso civil número 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, y que en dicho caso el querellado retiró, debidamente autorizado, un cheque por la suma de Cuatrocientos Veintisiete Dólares con cincuenta y dos centavos ($427.52) a la orden de la señora Gervasia Torres Ortiz. Alega el querellado que éste no tenía conocimiento al momento de cambiar dicho cheque y de circularlo y presentarlo para su cobro en el Banco Popular de Puerto Rico, de que el mismo no hubiere sido endosado por la persona a nombre de la cual había sido expedido, y alega, además, que debido al gran número de personas que representaba en dicho pleito, y con las cuales tuvo que sostener relaciones profesionales, las que consistieron en muchas ocasiones en una sola breve entrevista de grupo al hacerse cargo de dicho pleito, el querellado no conocía personalmente a sus representados, y admite no haber ejercido la debida diligencia, cuidado y celo en la vigilancia de los intereses de sus representados, a los fines de identificar debidamente a las personas a cuyo nombre se libraron los referidos cheques, no recordando el querellado los detalles y pormenores de cada una de las circunstancias en que éste tuvo que cambiar cheques como el de la referida Gervasia Torres Ortiz. Alega, además,

el querellado que no causó perjuicio alguno a la referida Gervasia Torres Ortiz, ya que el querellado entregó íntegramente el importe del referido cheque a su representada, antes de que tuviera conocimiento de que se estuviere realizando investigación alguna.

"4.—Contestando el cargo cuarto de la querella, el querellado reproduce sus alegaciones contenidas en relación con los cargos uno y dos, ya que en los hechos y las circunstancias en que ocurrieron los actos alegados en dicho cargo, fueron idénticos en relación con el presente cargo, aunque se trataba de persona distinta a las anteriores.

"5.—Admite el querellado en relación con el cargo quinto, haber cobrado al referido Arcadio Colón Román una cantidad por concepto de honorarios de abogado que, por no tener recuerdo exacto de si fué la cantidad de $34.61, que se alega en la querella, admite ésta como cierta, pero alega asimismo el querellado, que éste tenía legítimo derecho a cobrar dicha suma, ya que sus gestiones profesionales y gastos en que incurrió para hacerle entrega del importe de los fondos retirados al referido Arcadio Colón Román, tiene un valor mucho mayor que el cobrado y el contrato entre las partes, a que se refiere la alegación en el cargo, estaba limitado y circunscrito única y exclusivamente al aumento que se obtuviese en exceso de la cantidad consignada en Corte, pero existía acuerdo entre sus representados, entre los cuales estaba incluído Arcadio Colón Román, y el querellado, de que este último percibiría una suma justa y razonable por las gestiones de retiro de fondos depositados en el Tribunal.

"6.—Alega el querellado que lleva diez y siete años ejerciendo su profesión de abogado sin que en ese tiempo se haya formulado por ninguna persona queja alguna contra la conducta profesional del querellado; que durante un largo período de ese tiempo el querellado ha sido empleado del Gobierno de Puerto Rico, en puestos de alta responsabilidad, dentro del Departamento de Justicia, y que en ningún tiempo sus jefes tuvieron queja alguna de la conducta profesional y cumplimiento de sus deberes oficiales, habiendo desempeñado cargos como abogado-notario en agencias del Gobierno Federal; que en los cargos que motivan esta querella en su contra, el querellado no ha ocasionado perjuicio alguno a sus clientes por él representados en forma alguna; que aún, no obstante estos cargos, el querellado continúa representándolos, con su autorización y ex-

presa voluntad, en sus reclamaciones por exceso de valor de las parcelas que les fueron expropiadas, lo que implica confianza por parte de ellos en el querellado, continuando con éste sus más cordiales relaciones de abogado y cliente.

"POR TODO LO CUAL, el querellado, habiendo admitido su falta de previsión, negligencia e incumplimiento de sus obligaciones profesionales, respetuosamente solicita de este Honorable Tribunal que tome aquella acción disciplinaria que estime pertinente."

Se celebraron vistas ante el *Master*, y éste, después de haber considerado la prueba aducida por las partes, y los alegatos sometidos, llegó a las siguientes "Conclusiones De Hecho":

"El querellado fué admitido al ejercicio de la profesión de abogado por el Honorable Tribunal Supremo de Puerto Rico en junio 15 de 1936, y asimismo, fué admitido y autorizado por dicho Tribunal al ejercicio del notariado en julio 20 de 1936.

"Que desde su admisión, el querellado ha venido ejerciendo la profesión de abogado y notario en la Isla de Puerto Rico y continúa ejerciéndola, teniendo actualmente su oficina en la Ciudad de San Juan, Puerto Rico.

"Que siendo el querellado uno de los abogados de Víctor Maneiro, demandado en el caso civil número 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, retiró de dicho tribunal el cheque número 2038 de fecha 30 de octubre de 1952 a la orden de Víctor Maneiro, por la cantidad de $700.00, importe de la consignación hecha por El Pueblo de Puerto Rico a favor de dicho demandado, por una parcela de terreno y edificación de su propiedad ubicados en Salinas, Puerto Rico.

"Que el 18 de noviembre de 1952 dicho querellado Francisco Navarro Mendía, presentó dicho cheque para cobro y cobró el mismo en el Banco Popular de Puerto Rico, Sucursal de Santurce.

"Que el endoso (Víctor Maneiro) que aparece en dicho cheque no fué extendido por Víctor Maneiro ni había autorizado a persona alguna para que endosara o firmara en su nombre.

"Que allá para uno de los días del mes de septiembre de 1953 (sic) el querellado manifestó a Maneiro, en Salinas, que estaba arreglando las escrituras, para cobrar el dinero de la expropiación, pero media hora más tarde, llegó un investigador

del Gobierno, y le mostró a Maneiro el cheque de referencia, el cual había sido cobrado por el querellado desde el día 18 de noviembre de 1952, o sea, desde cinco meses con anterioridad a la fecha en que hizo sus manifestaciones.

"Que el querellado cobró el cheque de referencia y retuvo el importe del mismo desde el día 18 de noviembre de 1952 hasta uno de los días del mes de junio de 1953, en que entregó el importe del mismo al demandado Víctor Maneiro, todo ello después de venir a su conocimiento la investigación que se llevaba a efecto por inspectores de la oficina del Contralor de Puerto Rico.

"Que el querellado retuvo para sí la suma de $45.00 del importe de lo consignado por El Pueblo de Puerto Rico a favor de Maneiro, alegando tener derecho a un tres por ciento por concepto de honorarios, aunque lo acordado era que se retuviera un cincuenta por ciento del exceso que se obtuviera de la cantidad consignada por El Pueblo de Puerto Rico.

"Que el abogado Francisco Navarro Mendía como abogado de Víctor Maneiro, con fecha 29 de diciembre de 1952, retiró del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, el cheque número 2110 a la orden de Víctor Maneiro por la cantidad de $794.48, importe de una consignación hecha por El Pueblo de Puerto Rico en pago de una parcela de terreno propiedad de dicho demandado, en Salinas, Puerto Rico, y que era asimismo objeto de expropiación en la causa civil número 587. Que en 31 de diciembre de 1952, el mencionado querellado, sin la debida autorización o consentimiento para ello, circuló y presentó para su cobro en el Banco Popular de Puerto Rico, Sucursal de Santurce, dicho cheque, recibiendo la suma de $794.48, en moneda del curso legal de los Estados Unidos de América, reteniendo dicha suma de dinero en su propio beneficio hasta uno de los días del mes de junio de 1953, en que finalmente entregó a su dueño Víctor Maneiro el importe del mismo al tener conocimiento de que su conducta era investigada por la Oficina del Contralor de Puerto Rico.

"Que Víctor Maneiro no había autorizado al querellado o a persona alguna para que endosara su nombre a dicho cheque, y que la firma que allí aparecía no era la de Víctor Maneiro.

"Que dicho querellado Francisco Navarro Mendía siendo uno de los abogados de Gervasia Torres Ortiz, demandada en el caso número 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, retiró de dicho Tribunal el cheque número 2198 de fecha 4 de marzo de 1953 a la orden de dicha Gervasia Torres

Ortiz, por la cantidad de $427.52, importe de la consignación hecha por El Pueblo de Puerto Rico en pago de la expropiación de una parcela de terreno propiedad de dicha demandada, ubicada en Salinas, Puerto Rico, y que asimismo, en marzo 6 de 1953, el mencionado Francisco Navarro Mendía, sin la debida autorización o consentimiento para ello de Gervasia Torres Ortiz, circuló y presentó para su cobro en el Banco Popular de Puerto Rico, Sucursal de Santurce, el mencionado cheque con el endoso falsificado de Gervasia Torres Ortiz, recibiendo la suma de $427.52, en moneda legal de los Estados Unidos de América, y reteniendo dicha suma de dinero, en perjuicio de Gervasia Torres Ortiz, legítima dueña de la misma, hasta uno de los días del mes de junio de 1953, en que finalmente le entregó el importe del mencionado cheque.

"Que el endoso (Gervasia Torres Ortiz) fué una cruz figurada al dorso del cheque, no obstante dicha señora saber firmar.

"Que el abogado Navarro Mendía procedió a efectuar el pago de dicho cheque a Gervasia Torres Ortiz después de venir a su conocimiento, que en relación con la causa antes mencionada, era investigada su conducta por los inspectores de la oficina del Contralor de Puerto Rico.

"Que el querellado Francisco Navarro Mendía, siendo uno de los abogados de Arcadio Colón Román, demandado en el caso civil número 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, retiró de dicho Tribunal el cheque número 2,197 de fecha 4 de marzo de 1953, a la orden de Arcadio Colón Román, por la cantidad de $1,336.61 importe de la consignación hecha por El Pueblo de Puerto Rico a favor de dicho demandado por una parcela de terreno de su propiedad sita en Salinas, Puerto Rico y objeto de expropiación en la causa antes mencionada.

"Que en 11 de marzo de 1953 el querellado presentó para su cobro y cobró en el Banco Popular de Puerto Rico, Sucursal de San Juan, el cheque de referencia. Que el endoso 'Arcadio Colón' no fué hecho por el mencionado demandado, ni éste autorizó a persona alguna para que cobrara dicho cheque. Que el querellado Francisco Navarro Mendía conocía personalmente a Arcadio Colón, con quien había hablado en casa de Caroberto Colón, en Salinas, y le había entregado $6.00 para la demanda en el pleito. Que al inquirir Arcadio Colón en el Tribunal de Expropiaciones sobre el *status* de su caso, y al informarle que el cheque se había cobrado, fué a la oficina del querellado, quien lo recibió con la frase 'Eh, Arcadio', y al manifestarle sus deseos, le comu-

nicó que un muchacho parecido al demandado Arcadio Colón Román, había venido a buscar el dinero, él lo había sacado y se lo había entregado.

"Al contestarle el demandado 'que no podía perder su dinero', el querellado le entregó un cheque personal por el importe de su compensación en el pleito, antedatado 1ro. de junio de 1953, con la encomienda de que se lo presentara a don Pepito Turrado, si necesitaba efectivo a cuenta, pero que le diera tiempo para investigar el paradero del individuo al cual le había entregado el dinero.

"Que Colón, el día 20 de mayo de 1953, al decirle el señor Turrado que aquello era papel en blanco, le cursó un telegrama al querellado desde Salinas comunicándole que fuera a verle al Hospital donde estaba recluído a consecuencia de un accidente y por no estar conforme con el cheque", 'antes de actuar justicia'.

"Al día siguiente de este telegrama, el querellado fué al Hospital de Salinas acompañado del Lcdo. Carlos M. Dávila y le entregó la suma de $1,302.00 en pago del importe de su cheque de $1,336.61, obteniendo al mismo tiempo una carta de pago suscrita por el mencionado Arcadio Colón Román.

"Que el querellado Francisco Navarro Mendía al efectuar el pago del importe de $1,302.00 tenía conocimiento de que sus actuaciones eran investigadas por los inspectores de la oficina del Contralor de Puerto Rico. Que asimismo retuvo en su propio beneficio y en perjuicio de Arcadio Colón Román el importe de $1,336.61 desde el 11 de marzo de 1953 hasta el 21 de mayo del mismo año, en que finalmente entregó la cantidad arriba mencionada a dicho demandado.

"Que el querellado y demás abogados habían convenido en cobrar a sus clientes, inclusive a Arcadio Colón Román, un cincuenta por ciento de exceso de la cantidad consignada por El Pueblo de Puerto Rico a nombre de dichos clientes, pero que no tendrían derecho a deducir cantidad alguna de las sumas consignadas. Que no obstante esto, el querellado retuvo para sí la cantidad de $34.61 por concepto de honorarios de abogado.

"Que los cheques envueltos en estos cargos hubieran llegado a tiempo a manos de sus dueños si no hubiera mediado la intervención del querellado al cobrar y retener para su beneficio el importe de los mismos.

"Que los demandados en el caso civil número 587 del Tribunal Superior de Puerto Rico, Sala de Expropiaciones, con excepción de la tardanza en recibir su dinero y los honorarios co-

brados en exceso de lo convenido, no han recibido otros perjuicios materiales en sus intereses a virtud de las actuaciones del querellado.

"Que las actuaciones del querellado entrañan una conducta ilegal, censurable e impropia en la práctica de la profesión de abogado".

El querellante presentó un escrito manifestando que estaba conforme con las anteriores conclusiones. El querellado presentó objeciones, que están a nuestro juicio, desprovistas de méritos, con excepción de aquélla en que sostuvo que debía eliminarse la conclusión a que llegó el *Master* de que el querellado retuvo, sin que tuviera derecho a ella, la suma de $45, del importe de lo consignado por El Pueblo de Puerto Rico a favor de Víctor Maneiro, fundada dicha objeción en que la retención de dicha suma no fué objeto de cargo alguno. Hemos resuelto no tomarla en consideración, en vista del carácter del procedimiento.

Todas las otras conclusiones de hecho están ampliamente sostenidas por la prueba, y en vista de la naturaleza de los cargos que quedaron debidamente establecidos, *procede que al querellado se le separe del ejercicio de la profesión de abogado y notario en esta Isla, debiéndose dictar resolución a ese efecto.*

Los Jueces Asociados Señores Negrón Fernández y Belaval no intervinieron.