*In re* LUIS A. MALDONADO SOTO, querellado.

*Número:* 106. *Resuelto:* 13 de septiembre de 1961.

*Luis A. Maldonado Soto, pro se,* y *Félix Ochoteco, Jr., Ernesto Juan Fonfrías, Benjamín Ortiz* y *Mario A. Rodríguez,* abogados del querellado; *J. R. Fernández Badillo, Procurador General* y *Rodolfo Cruz Contreras, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: En 13 de diciembre de 1960, el Procurador General de Puerto Rico, en cumplimiento de una resolución de este Tribunal del día 18 del mes anterior, presentó una querella contra el abogado Luis A. Maldonado Soto, imputándole conducta inmoral e impropia y contraria a la ética profesional consistente en los dos cargos siguientes:

1º "El querellado, Luis A. Maldonado Soto, incurrió en conducta inmoral e impropia cuando en fecha 17 de agosto de 1960, defraudó a su cliente, el Sr. Juan Paz Tañón, al apropiarse de la suma de siete mil dólares ($7,000.00) que le confiara dicho señor con el objeto de que lo depositara en el pleito civil Juan Paz Tañón v. Juan Santos, Civil núm. 10–1702, sobre Accesión, ante el Hon. Tribunal Superior de Puerto Rico, Sala de Caguas. La mencionada cantidad de siete mil dólares estaba contenida en el cheque 08966, librado por el United Federal Savings and Loan Association of Puerto Rico a favor de Juan Santos, cheque que el querellado depositó en una cuenta personal que abrió en el First National City Bank of New York, Sucursal de Bayamón y contra la cual giró en distintas fechas usando la suma así obtenida en su propio beneficio."

2º "El querellado, Luis A. Maldonado Soto, en violación de la fidelidad a la confianza que en él depositara su cliente, el Sr. Juan Paz Tañón, e ignorando los altos deberes que como abogado tiene contraído con la comunidad, incurrió en conducta inmoral e impropia, en fecha 17 de agosto de 1960, cuando, con la intención de defraudar a su mencionado cliente, Sr. Juan Paz Tañón, falsificó la firma del señor Juan Santos en el cheque 08966, librado en dicha fecha por el United Federal Savings and Loan Association of Puerto Rico, a favor de éste."

El querellado contestó la querella aceptando en parte los hechos alegados y presentó ciertas defensas especiales. La parte pertinente de su contestación lee como sigue:

"Acepta el querellado que el día 17 de agosto de 1960, recibió del Sr. Juan Paz Tañón $7,000.00, pero niega que dicha cantidad la recibió el querellado del citado Sr. Juan Paz Tañón para depositar la misma en la acción judicial a que se contrae el referido primer cargo, y sí para adquirir del Sr. Juan Santos una finca de la pertenecía de éste a favor del citado Sr. Juan Paz Tañón y para beneficio de éste y del propio querellado y

dentro de las relaciones de negocio que ambos mantenían y mantienen y a los que se referirá más adelante, aceptando así el querellado también que dichos $7,000.00, los depositó en una cuenta que abriera a su nombre en The First National City Bank of New York, de Bayamón, Puerto Rico; pero niega que girara sobre los mencionados fondos para su propio beneficio y sí para beneficio tanto del Sr. Juan Paz Tañón, como del querellado y en el curso ordinario de las relaciones de negocios existentes entre ambos.

"POR VÍA DE DEFENSA EL QUERELLADO ALEGA:

"El querellado y el Sr. Juan Paz Tañón, por espacio de un período de tiempo de tres años o más se dedicaban a negocios comunes, financiados por dicho don Juan Paz Tañón, quien ponía a disposición del querellado fondos para que el querellado los invirtiera de conformidad con su exclusivo criterio y a ser distribuidos los beneficios entre ambos como socios, por partes iguales entre los socios; alegando que el querellado que aun con posterioridad a la radicación de la querella en el caso del epígrafe, las relaciones de negocio entre el querellado y el Sr. Juan Paz Tañón han continudo al igual que relaciones entre abogado y cliente y relaciones de amistad

"Alega además el querellado que el dinero a que se contrae la querella de epígrafe y del cual se alega se apropió el querellado se haya [sic] en poder actualmente de dicho don Juan Paz Tañón, quien por razones del curso ordinario de los negocios entre el querellado y dicho don Juan Paz Tañón, éste lo ha colocado en propiedades en las cuales el querellado tiene intereses monetarios.

"CONTESTACIÓN AL SEGUNDO CARGO

"El querellado acepta que endosó el cheque a que se contrae dicho segundo cargo, pero niega que al así actuar tuviera la intención de defraudar al Sr. Juan Paz Tañón y por el contrario alega que en fecha alguna cometió fraude alguno contra el mencionado Sr. Juan Paz Tañón en lo pertinente a dicha cuenta de $7,000.00, ni en lo referente a cualquier otra cuenta, y aunque reconoce el querellado que el endosar el expresado cheque fuera una actuación irregular por parte de él, la misma en momento alguno conllevaba propósito de defraudar al señor Juan Paz Tañón, como no lo defraudó, alegando el querellado

que dicho cambio de cheque por el compareciente, no obstante la irregularidad antes dicha, fue una conducta explicable y excusable por razón de la forma en que el querellado y dicho don Juan Paz Tañón llevaban sus relaciones de negocios.

"Así también alega el querellado que reproduce todo lo alegado por él, en su contestación al primer cargo en lo pertinente a las relaciones de negocios llevadas al efecto y aún continuadas entre el querellado y don Juan Paz Tañón, alegando así también que dicho don Juan Paz Tañón tenía conocimiento y había autorizado al querellado para que depositara a nombre del compareciente cualquier cantidad de dinero que aquél le proporcionara a los fines de su inversión por el querellado y para que éste pudiera disponer de la misma a su sola discresión [sic] y para que aparecieran las inversiones a ser realizadas a nombre del querellado."

■■■ El Honorable Ángel Umpierre, Juez del Tribunal Superior de Puerto Rico, fue designado para recibir la prueba, y después de celebrada la vista correspondiente, formuló determinaciones de hecho en un informe ([1]) de fecha 17 de agosto pasado, que copiado a la letra dice:

"El día 19 de agosto de 1960 el querellado Luis A. Maldonado Soto, como abogado del demandante Juan Paz Tañón radicó en la Secretaría del Tribunal Superior, Sala de Caguas una demanda sobre accesión contra Juan Santos en la que se alega que el demandante es dueño de una casa con un valor de $5,000.00 construida en una finca de 23 cuerdas valorada en $7,000.00 propiedad del demandado y que el demandante está dispuesto a consignar oportunamente ante el Tribunal la referida cantidad de $7,000.00 para beneficio del demandado y se solicita que se ordene al demandado traspasar el predio de terreno donde se encuentra ubicada la casa del demandante u ordene la venta de la finca al demandante, previo el pago de su justo valor.

"El día 17 de agosto de 1960 Juan Paz Tañón retiró del Banco 'First Federal Savings and Loan Association' la suma de $7,000.00 con instrucciones al Banco de que se hiciera un

---

([1]) El querellado puso reparos a la última determinación de hechos formulada por el Comisionado, pero como no es necesario considerarla a los fines de la disposición del asunto, la hemos omitido de la presente relación. No se requiere, pues, que resolvamos específicamente sobre la referida objeción.

cheque por esa cantidad pagadero a Juan Santos y el querellado recibió el referido cheque y firmó el siguiente recibo:

'Recibí de Don Juan Paz Tañón, el cheque núm. 08966 del Banco de United Federal Savings Bank and Loan Association por la suma de $7,000.00 para ser entregados y depositados a su debido tiempo en la secretaría del Tribunal Superior Sala de Caguas, con relación a un caso de accesión.

'En Bayamón, P. R. a 17 de agosto de 1960.

'(fdo.) Luis A. Maldonado Soto

'(Exhibit 10 del querellante.)'

"El querellado, sin permiso, conocimiento ni consentimiento de Juan Paz Tañón, ni de Juan Santos endosó con el nombre de Juan Santos y el mismo día 17 de agosto de 1960, dos días antes de radicarse el caso de Accesión, abrió una cuenta corriente en el Banco 'First National City Bank of New York, Sucursal de Bayamón', depositando el referido cheque núm. 08966. Después de hecho este depósito inicial de $7,000.00 el querellado hizo varios depósitos por $1,405.00 y retiró mediante cheques la suma de $8,389.22, quedándole un balance en dicha cuenta de $15.08 el día 22 de septiembre de 1960. De los 51 cheques que el querellado expidió con cargo a esa cuenta ninguno de ellos es a favor ni de Juan Paz Tañón ni de Juan Santos.

"Se aceptó por las partes la autenticidad del Expediente núm. 60–1707 sobre Accesión, Exhibit 1 y que nunca se consignó cantidad alguna en la Secretaría del Tribunal en ese caso.

"Juan Paz Tañón le entregó el cheque al querellado cuando éste le informó que los necesitaba porque el caso estaba preparado para llevarlo a Corte.

"Hermanas y familiares del querellado han garantizado con hipoteca sobre sus propiedades la suma de $7,000.00, importe del cheque a que se hace referencia anteriormente, a favor de Juan Paz Tañón.

"Cuando el querellado inició la acción de Accesión sabía que no procedía la misma; cuando solicitó y recibió la suma de $7,000.00 sabía que no había necesidad de hacer el depósito en Corte; cuando abrió la cuenta corriente con los $7,000.00 lo hizo sin conocimiento ni consentimiento de las partes en el caso de Accesión; cuando giraba con cargo a esa cuenta Juan Paz Tañón no sabía el uso que se le estaba dando al dinero."

Hemos examinado detenidamente la prueba que el Comisionado tuvo ante sí, y las determinaciones de hechos están

ampliamente justificadas. En realidad, el querellado prácticamente admitió su quebrantamiento de las normas de ética que deben regir en todo momento la conducta de un abogado.(²) Aparentemente, la ambición incontenible del querellado de obtener éxito económico rápidamente nubló su entendimiento y le privó del discernimiento adecuado para regir su actividad profesional dentro del marco de la más acrisolada rectitud. Las faltas que han sido probadas son graves en verdad y constituyen una clara desviación de los cánones 11 y 30 de Etica Profesional, 48 D.P.R. XII y XIX (1935),(³) *In re Guzmán Juarbe*, 82 D.P.R. 235, 240 (1961); *In re Navarro*, 78 D.P.R. 364 (1955); *In re Ruiz de Val*, 43 D.P.R. 265 (1932).

*Se decretará la separación del querellado Luis A. Maldonado Soto de la profesión de abogado y se ordenará la eliminación de su nombre del Registro de Abogados de este Tribunal.*

---

(²) Del interrogatorio del querellado copiamos (T. E., pág. 58):

"P. Dígame, usted como abogado usted reconoce a los fines pertinentes de que usted quebrantó la ética profesional al depositar el importe de ese cheque de $7,000.00 en una cuenta personal de usted, cuando los planes [*sic*] de ética dicen que el dinero que recibe el abogado del cliente debe mantenerse en todo momento debidamente identificado y no confundido con los fondos del abogado?

R. Lo reconozco, pero nosotros, o sea, yo no deposité ese dinero al banco como no deposité grandes cantidades de todos los clientes míos en calidad de clientes . . ."

(³) Los cánones citados leen como sigue:

"11. *Manejo de los Bienes del Cliente.* Del dinero u otros bienes del cliente que vengan a la posesión del abogado debe darse cuenta pronto, y el abogado no debe mezclarlos con sus bienes propios, sin el consentimiento y conocimiento del cliente."

"30. *Litigios Justificados e Injustificados.* Todo letrado debe negarse a sostener un pleito civil o a hacer una defensa cuando esté convencido de que con ello se intenta únicamente molestar o perjudicar a la parte contraria o hacerle víctima de opresión o daño. Por el contrario, una vez aceptada la defensa, es su deber insistir en la obtención de una decisión del tribunal en lo que respecta a los méritos legales de la reclamación de su cliente. Su comparecencia en corte debe equivaler a una afirmación bajo palabra de honor de que en su opinión el caso de su cliente es uno digno de la sanción judicial."