CP-98-12                                              1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
| Juan Carlos Gorbea Martínez | 99 TSPR 190 |

Número del Caso: CP-1998-12

Fecha: 12/01/1999

De la Oficina del Procurador General: Lcda. Lizette Mejías Avilés

Abogados de la Parte Querellada: Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Juan Carlos Gorbea          CP-98-12        Conducta
Martínez                                           Profesional

PER CURIAM

San Juan, Puerto Rico, a 1 de diciembre de 1999

El 15 de octubre de 1998 el Procurador General, formuló querella contra el Lcdo. Juan Carlos Gorbea Martínez, imputándole:

> CARGO I: "El licenciado Gorbea Martínez violentó lo dispuesto en el Canon 23 del Código de Ética Profesional, al retener indebidamente la cantidad de $497,524.00 pertenecientes a su cliente Sea-Land Services, Inc."

> CARGO II: "El licenciado Gorbea Martínez violentó los principios establecidos por el Canon 38 del Código de Ética Profesional, el cual, entre otras cosas, exige que todo abogado, tanto en la vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable."

El 1 de noviembre de 1998, el Lcdo. Gorbea Martínez contestó y, aunque negó **los cargos** imputádoles, **aceptó los hechos.**

II

Según el Informe del Comisionado Especial, Ex Juez Superior, Hon. Enrique Rivera Santana, en el año 1982 Gorbea Martínez acordó mediante contrato de servicios profesionales con la Sea Land Service, Inc., gestionar extrajudicialmente de clientes morosos el cobro de fletes, cargos por demora en el uso de equipos, o cargos por cualesquiera otros servicios ofrecidos. De no rendir frutos, acudiría al Tribunal.

El procedimiento para el trámite de los pagos recibidos por Gorbea Martínez, requirió en sus inicios, que los cheques cobrados –girados indistintamente a nombre de Sea Land, Lcdo. Juan Carlos Gorbea o Quilinchini, Medina, Oliver & Gorbea[1]–, fueran remitidos a Sea Land. Al hacerlo, Gorbea Martínez facturaba sus honorarios a base de determinado por ciento de la cantidad recibida, que variaba dependiendo de la gestión realizada.

Así las cosas, el 14 de noviembre de 1985, Sean Land –a través de su Gerente de Crédito, Sr. Manuel L. Toro–, informó por escrito a Gorbea Martínez un nuevo procedimiento para el trámite de los pagos de clientes. Se le instruyó informar a los deudores de Sea Land a quienes él reclamaba,

---

[1] Esta última era una asociación de abogados, de la que el Lcdo. Gorbea Martínez formaba parte, por la que estos abogados compartían gastos comunes de la oficina.

que debían hacer el cheque a nombre del abogado. Éste, a su vez, deduciría sus honorarios y remitiría el balance a Sea Land. El nuevo procedimiento le requería enviar a Sea Land copia de los cheques recibidos junto a la factura por los servicios prestados y cobrados anticipadamente.

Gorbea Martínez "entendió" que esas instrucciones le autorizaban a depositar los dineros cobrados en su cuenta personal en el Banco Cooperativo de Puerto Rico. Recibía y endosaba también, para que se depositaran en dicha cuenta, cheques pagaderos a favor de Sea Land. De esta forma el Banco Cooperativo acumuló en esa cuenta $161,750.00 en concepto de cheques girados a favor de Sea Land. Posteriormente, Sea Land ordenó al Banco cooperativo descontinuar dicha práctica. Sin embargo, por "desconocer" las nuevas instrucciones, Gorbea Martínez continuó la misma práctica y no informó a Sea Land los cheques recibidos a nombre de ésta que él depositó en su cuenta personal.

En 6 de abril de 1995, un cliente –a quien Sea Land denegó crédito por razón de una supuesta deuda–, le planteó que la había saldado mediante pagos directos remitidos a Gorbea Martínez. Ello motivó que representantes de Sea Land se reunieran con Gorbea Martínez para conocer el estado de las cuentas. Éste aceptó que durante seis (6) años (1989-1995), recibió pagos de los clientes y los depositó en su cuenta personal, entre ellos, $485,095.15 correspondientes a unos cuarenta y cuatro (44) clientes, los cuales **no** remitió a Sea Land. Al realizar su propia investigación, Sea Land detectó

que los pagos retenidos correspondían a cuarenta y siete (47) clientes y la cantidad ascendía a $514,914.00.[2]

Gorbea Martínez ofreció reponer el dinero, no obstante, al no acordarse plan de pago, Sea Land presentó acción en cobro de dinero ante la Corte de Distrito Federal para el Distrito de Puerto Rico (Civil Núm. 96-1068, <u>Sea Land Service, Inc.</u> v. <u>Juan Carlos Gorbea Martínez y otros</u>)[3]. Este caso finalizó mediante estipulación en la cual Gorbea Martínez se obligó a pagar $497,524.00. Sin embargo, Sea Land sólo recuperó $161,750.00 del allí codemandado Banco Cooperativo, quien aceptó pagarlos porque cubrían cheques pagaderos a favor de Sea Land, que como entidad bancaria indebidamente depositó en la cuenta personal de Gorbea Martínez.

El 8 de abril de 1998, Gorbea Martínez, sin haber satisfecho cantidad alguna de la suma estipulada –$497,524.00–, presentó petición bajo el Capítulo 7 de la Ley de Quiebras federal.

III

En lo concerniente al manejo de los bienes del cliente, el Canon 23 dispone que "[l]a naturaleza fiduciaria de las relaciones entre abogados y cliente exige que éstas estén fundadas en la honradez absoluta. **En particular debe darse**

---

[2] (Alegaciones 14 y 15 de la queja, aceptadas por el querellado).

[3] Como parte del descubrimiento de prueba en dicho caso, se tomó una deposición a Gorbea Martínez en la que admitió los hechos que se relacionan en las conclusiones 4 y 5 del Informe del Comisionado Especial.

**pronta cuenta del dinero y otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen"**. Clara y diáfanamente prohibe **la retención y disposición inapropiada de cualquier suma de dinero pertenecientes a los clientes**. In re Fernández Paoli, res. en 6 de junio de 1996, 141 D.P.R. ___ (1996); In re Morales Soto, 134 D.P.R. 1012 (1994); In re Vázquez O'Neill, 121 D.P.R. 623 (1988); In re Felix, 111 D.P.R. 71 (1981); In re Ayala, Jr., 109 D.P.R. 440 (1980); In re Cardona Vázquez, 108 D.P.R. 6 (1978); In re Roldán Figueroa, 106 D.P.R. 4 (1977); In re Maldonado Soto, 83 D.P.R. 444 (1961).

El Lcdo. Gorbea Martínez no cuestiona la veracidad de los graves hechos imputádoles, sino que atribuye su falta de juicio al sistema de cobro implementado por Sea Land y "estado mental y anímico". Nos indica **que la razón de su comparecencia es admitir sus errores e informarnos que está en proceso de solicitar ayuda médica que atienda su problema de alcoholismo e inestabilidad mental**. Finalmente nos solicita le apliquemos la Regla 15 de nuestro Reglamento.

No podemos acceder. No hay base en el expediente tendente a sostener que durante el extenso período de años en que se apropió de los dineros de Sea Land, esos problemas fueran la causa de sus violaciones éticas; **de hecho, no le impidieron continuar practicando la profesión lucrativamente**.

La flagrante violación ética de Gorbea Martínez conlleva separarlo inmediata e indefinidamente de la práctica de la profesión. Ello no es óbice para que atienda su alegado problema con el alcohol y estado mental; factor a tomar en consideración si en el futuro, de desearlo –previa clara demostración de que los ha superado y rehabilitado–, nos solicita reinstalación.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Lcdo. Juan Carlos Gorbea       CP-98-12     Conducta
    Martínez                                        Profesional

SENTENCIA

San Juan, Puerto Rico, a 1 de diciembre de 1999

      Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se dicta Sentencia y separa al Lcdo. Juan Carlos Gorbea Martínez inmediata e indefinidamente de la práctica de la profesión.

      Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

      Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río se inhibió.

                       Isabel Llompart Zeno
               Secretaria del Tribunal Supremo