**Delvaille H. THEARD, Appellant,**

v.

**UNITED STATES of America,**
Appellee.
No. 15584.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1956.

Rehearing Denied Jan. 31, 1956.

———◆———

Delvaille H. Theard, New Orleans, La., in pro. per.

M. Hepburn Many, Asst. U. S. Atty., New Orleans, La., James G. Schillin, New Orleans, Chairman, Committee on Professional Ethics and Grievances of Supreme Court of Louisiana, George R.

Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

PER CURIAM.

In disbarment proceedings which were had before the Supreme Court of Louisiana, appellant's name was ordered stricken from the roll of attorneys and his license to practice law in Louisiana was cancelled.[1] Thereafter, and by reason of the foregoing, the United States Attorney filed against appellant in the District Court a rule for disbarment pursuant to Rule 1(f) of the General Rules of the United States District Court, which, in pertinent part, provides:

"Whenever it is made to appear to the court that any member of its bar has been disbarred or suspended from practice or convicted of a felony in any other court, he shall be suspended forthwith from practice before this court and, unless upon notice, mailed to him at his last known place of residence, he shows good cause to the contrary within 10 days, there shall be entered an order of disbarment, or of suspension for such time as the court shall fix."

Upon consideration of the motion and the attached certified copy of the opinion and decree of the State Supreme Court the District Judge entered an order suspending the appellant from practice and further ordered that unless appellant show good cause to the contrary within ten days the rule would be made absolute and an order for his disbarment would be entered.

Within the period prescribed appellant filed an answer in which he advanced numerous arguments in support of his basic contention and defense that the opinion and decree of the Louisiana Supreme Court does not present any appropriate or just basis for his disbarment.

1. Louisiana State Bar Ass'n v. Theard, 225 La. 98, 72 So.2d 310, certiorari denied 348 U.S. 832, 75 S.Ct. 54.

The cause came on for hearing on the motion of the U. S. Attorney and appellant's answer and after hearing arguments the District Judge ordered that the rule of disbarment be made absolute and that appellant's name be stricken from the roll of attorneys.

 We are in no doubt that the order of the District Court must be affirmed. Appellant had the burden throughout these proceedings of showing good cause why he should not be disbarred. He offered no evidence and the legal contentions which he urges upon us are not persuasive.

Affirmed.