*In re* LUIS A. MALDONADO SOTO, querellado.

*Número:* O-80-81     *Resuelto:* 12 de marzo de 1981

*Héctor A. Colón Cruz, Procurador General, y Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Mario A. Rodríguez* y *Andrés Díaz Nieves,* abogados del querellado.

PER CURIAM: Contra el abogado Luis A. Maldonado Soto, el Procurador General de Puerto Rico radicó querella por alegada infracción al Canon 23 del Código de Ética Profesional, [1] consistente en haberse apropiado para su propio y personal beneficio —sin conocimiento ni consentimiento de su cliente Raúl Ortiz Vega— de la suma de $3,449.00 que le fuera entregada el 21 de febrero de 1974 para satisfacer una sentencia dictada en contra de Ortiz Vega. Se alega, además, que esa "conducta viola el criterio general de los deberes del abogado para con sus clientes".

Medió contestación y se celebró vista ante el Comisionado Especial designado. A base de la prueba documental y testifical desfilada y la credibilidad merecida, dicho funcionario formuló las siguientes determinaciones de hecho:

1. El Lcdo. Luis A. Maldonado Soto fue admitido por el Tribunal Supremo el día 22 de noviembre de 1957 al ejercicio de la profesión legal ante los Tribunales de Puerto Rico y en la actualidad su nombre se encuentra incluido en el Registro de Abogados.

2. El Lcdo. Luis A. Maldonado Soto fue suspendido del ejercicio de la abogacía por el Honorable Tribunal Supremo el día 13 de septiembre de 1961 (In re: Maldonado Soto, 83 D.P.R. 444). El Lcdo. Luis A. Maldonado Soto fue readmitido al ejercicio de la abogacía el 15 de abril de 1968.

3. El señor Abelardo Rodríguez radicó en el Tribunal Superior de Puerto Rico, Sala de Bayamón una demanda de daños y perjuicios contra el señor Raúl Ortiz Vega, en la cual se solicitaba se condenara al demandado al pago de $3,449.00 más intereses, gastos y honorarios de abogado en el litigio, caso Civil Núm. 72-2012.

4. La Nationwide Mutual Insurance Company compareció posteriormente en dicho caso como interventora en ejer-

---

[1] "La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen." 99 D.P.R. 1015.

cicio del derecho de subrogación que le asistía alegando que le había pagado al demandante la suma de $1,596.00, suma que reclamaba.

5. El demandado, Sr. Raúl Ortiz Vega, estuvo representado durante todo el proceso por el Lcdo. Luis A. Maldonado Soto.

6. El 8 de febrero de 1974, el Tribunal Superior de Bayamón dictó sentencia con sus correspondientes determinaciones de hecho y conclusiones de derecho condenando al Sr. Raúl Ortiz Vega a pagar la suma de $1,603.00 al Sr. Abelardo Rodríguez y la suma de $1,546.00 a la Nationwide Mutual Insurance Co., las costas del pleito y la suma de $300.00 para honorarios de abogado.

7. *El día 21 de febrero de 1974 el Sr. Raúl Ortiz Vega entregó al Lcdo. Luis A. Maldonado Soto la suma de $3,449.00 para satisfacer la sentencia en el caso Civil Núm. 72-2012. El Lcdo. Luis A. Maldonado Soto recibió el dinero y firmó recibo a esos efectos.*

8. El Lcdo. Luis A. Maldonado Soto recibió de manos del Sr. Raúl Ortiz Vega la cantidad arriba mencionada para satisfacer la sentencia que había recaído en su contra en el caso Civil 72-2012, y tan pronto dicha sentencia fue final y firme se comunicó con el Lcdo. Juan Santiago Ramírez abogado del Sr. Abelardo Rodríguez, demandante en el caso Civil 72-2012, y en la oficina del Lcdo. Luis A. Maldonado Soto, este último le entregó al Lcdo. Santiago Ramírez, el día 30 de marzo de 1974 un giro por la suma de $1,903.00 para beneficio del Sr. Abelardo Rodríguez y en satisfacción de sentencia habiendo el Lcdo. Santiago Ramírez firmado documentos a esos efectos.

9. *No surge que el Lcdo. Luis A. Maldonado Soto le haya entregado a la otra parte, la Nationwide Mutual Insurance Company, la suma que le correspondía según la sentencia dictada. Tampoco surge la hubiera depositado en el Tribunal.*

10. Con fecha 14 de abril de 1977 la interventora en el caso 72-2012, la Nationwide Mutual Insurance Co., solicitó y obtuvo del Tribunal mandamiento de ejecución de sentencia, presentándose al negocio del Sr. Raúl Ortiz Vega,

Farmacia Etika, un alguacil para proceder al embargo de bienes de dicho Sr. Ortiz Vega.

11. Para evitar se procediera con el embargo, el Sr. Ortiz Vega tuvo que satisfacer la suma de $903.84 que le fuera exigida por el depositario judicial en concepto de gastos e intereses y además la suma de $3,449.00 en satisfacción de la sentencia. Para satisfacer esta suma, el Sr. Ortiz Vega tuvo que solicitar un préstamo al Banco Popular.

12. Con fecha 28 de junio de 1977 el Sr. Raúl Ortiz Vega y su esposa radicaron una demanda por daños y perjuicios en el Tribunal Superior, Sala de San Juan contra el Lcdo. Luis A. Maldonado Soto y la Nationwide Mutual Insurance Company, Civil Núm. 77-4772. En la demanda se le imputa a la Nationwide Mutual Insurance Company haberse subrogado el derecho de cobrar una sentencia que favorecía a otra persona, al Sr. Abelardo Rodríguez, quien no lo había autorizado a ello y más cuando a dicha parte se le había satisfecho la suma que le correspondía por la sentencia dictada en el caso Civil Núm. 72-2012 y habiéndose suscrito por dicha parte documento sobre satisfacción de sentencia.

Los demandantes le imputan al Lcdo. Luis A. Maldonado Soto el incumplimiento del contrato de servicios profesionales y/o su responsabilidad y obligación profesional al no satisfacer la totalidad de la sentencia en el caso Civil 72-2012 a pesar de haber recibido de su representado, Sr. Raúl Ortiz Vega, el demandante en el caso, el dinero y haberse comprometido a ello.

Los demandantes en este caso alegan que como resultado de la exposición de éstos al embargo, éstos han sufrido daños que estiman en $30,000.00.

13. En dicho pleito Civil Núm. 77-4772, el Sr. Raúl Ortiz Vega fue representado por el Lcdo. Bennie Frankie Cerezo. En dicho caso se dictó sentencia por estipulación el 11 de noviembre de 1977. El Sr. Raúl Ortiz Vega, demandante, recibió la suma de $7,000.00 en resarcimiento de daños.

14. Con fecha 25 de noviembre de 1977 este Hon. Tribunal Supremo dictó resolución dando traslado a la Oficina del Hon. Procurador General de Puerto Rico una queja

radicada por el Sr. Raúl Ortiz Vega contra el Lcdo. Luis A. Maldonado Soto alegando representación profesional negligente.

15. Como resultado de la investigación realizada por el Hon. Procurador General de Puerto Rico, el día 20 de febrero de 1980 se radicó querella en contra del Lcdo. Luis A. Maldonado Soto.

16. Con fecha 15 de agosto de 1978 el Sr. Raúl Ortiz Vega en la declaración jurada que prestara ante el Hon. Procurador General con motivo de la investigación de su queja contra el Lcdo. Luis A. Maldonado Soto, informa que para él (Raúl Ortiz Vega) su caso contra el Lcdo. Luis A. Maldonado Soto estaba terminado y que él entendía se había llegado a un arreglo justo.

17. *Aunque la evidencia demostró que el Lcdo. Luis A. Maldonado Soto no le entregó a la Nationwide Mutual Insurance Company la parte que le tocaba de la sentencia, somos de opinión que esto se pudo deber a una inadvertencia y/o olvido del Lcdo. Luis A. Maldonado Soto.* [Escolio omitido.]

18. *En ningún momento el Lcdo. Luis A. Maldonado Soto se apropió para sí la suma entregada por el Sr. Ortiz Vega para beneficio de la Nationwide Insurance Company. No se presentó ni la más leve evidencia a estos efectos.*

19. Si el quejoso Ortiz Vega sufrió algún daño cuando se presentaron a su negocio para proceder a un embargo, el mismo fue ampliamente indemnizado por el querellado como resultado del procedimiento judicial llevado en el Tribunal Superior, Sala de San Juan. El propio Sr. Ortiz Vega lo ha aceptado repetidas veces.

20. El Lcdo. Luis A. Maldonado Soto, quien tiene sus oficinas abiertas en la ciudad de Bayamón, luego de ser readmitido a la práctica de la profesión de abogado, ha sido muy cuidadoso y diligente en sus relaciones con sus clientes. Se ha distinguido como una persona de gran moral y muy correcto en sus actuaciones como persona particular y como profesional.

21. *De haber incurrido el Lcdo. Maldonado solo en alguna falta profesional, dicho abogado reiteradamente se ha dirigido a este Hon. Tribunal dando sus excusas y solicitando indulgencia.*

22. Los hechos anteriormente relatados nos llevan a concluir que la actuación del querellado en este caso, Lcdo. Luis A. Maldonado Soto, no constituye conducta impropia, inmoral e ilegal con su cliente, Sr. Raúl Ortiz Vega. (Bastardillas nuestras.)

Concedimos término a la partes y éstas han comparecido informando estar de acuerdo sobre la corrección de las apreciaciones fácticas consignadas por el Comisionado Especial.

*Coincidimos en que no se demostró el cargo de apropiación de fondos. Ahora bien, el abogado Maldonado Soto faltó a su obligación de ejercer su profesión con el celo, cuidado y diligencia que se le requiere en los Cánones de Ética Profesional. El resarcimiento de los daños sufridos por su cliente con motivo de las actuaciones negligentes del abogado no es razón suficiente para librar al abogado de nuestra amonestación y advertencia sobre su futura conducta en el desempeño de la delicada función como abogado. Copia de esta opinión deberá unirse al expediente profesional del abogado Maldonado Soto.*

Se dictará la correspondiente sentencia.