In the Matter of THEODORE J. CRIARES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.—The Grievance Committee for the Second and Eleventh Judicial Districts moves, pursuant to section 691.3 of the rules of this court (22 NYCRR), to impose discipline upon respondent based upon his disbarment in New Jersey.

Respondent was admitted to practice by this court on October 15, 1958. In 1971 he was admitted to practice in the State of New Jersey. On February 13, 1986, the Supreme Court of the State of New Jersey ordered that respondent be "disbarred by consent, effective immediately." Respondent's affidavit consenting to his New Jersey disbarment was based on his awareness of a complaint charging him with misappropriation of clients' funds, and his acknowledgment that if he went to a hearing on this matter, he could not successfully defend himself against those charges.

Pursuant to section 691.3 of the rules of this court, the respondent was given notice that he could submit a verified statement setting forth any of the defenses to the imposition of discipline as enumerated in subdivision (c) of section 691.3 as follows: (1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding of the court in the foreign jurisdiction as to the attorney's misconduct, or (3) that the imposition of discipline by this court would be unjust; and that the respondent had a right to demand a hearing pursuant to any and all defenses enumerated.

The respondent has failed to submit any response to this application. In view of respondent's default, the court must impose an appropriate measure of discipline in New York.

Accordingly, the respondent should be, and hereby is, dis-

barred, and the clerk of the court is directed to strike his name from the roll of attorneys and counselors-at-law forthwith. Mollen, P. J., Mangano, Thompson, Bracken and Brown, JJ., concur.