**The PEOPLE of the State of Colorado, Complainant,**

v.

**John E. KOCHEL, Attorney–Respondent.**

**No. 88SA300.**

Supreme Court of Colorado, En Banc.

Nov. 14, 1988.

Linda Donnelly, Disciplinary Prosecutor, Susan L. Fralick, Deputy Disciplinary Prosecutor, Denver, for complainant.

Richard Nathan, Denver, for attorney-respondent.

QUINN, Chief Justice.

Because the respondent, John E. Kochel, has been disbarred from the practice of law in the state of Pennsylvania, a hearing board of the Grievance Committee recommended the respondent be disbarred from the practice of law in Colorado.  A hearing panel of the Grievance Committee approved the recommendation, and we now order Kochel's disbarment.

The facts in this case are not in dispute.  The respondent was admitted to the practice of law in the state of Colorado on October 2, 1973, and is subject to the jurisdiction of this court and its Grievance Committee.  He was also licensed to practice law in the state of Pennsylvania.

Respondent was disciplined in Pennsylvania, and on March 23, 1987, was suspended

---

for three months from the practice of law in that state because of his conversion of client escrow account funds and his neglect of a legal matter entrusted to him. The respondent, in violation of C.R.C.P. 241.-17(b), failed to notify the disciplinary prosecutor of the suspension. On April 23, 1987, the disciplinary prosecutor filed a complaint alleging the suspension and various violations of the Code of Professional Responsibility. The respondent filed an answer to the complaint on June 1, 1987, essentially admitting the facts alleged in the complaint.

In reviewing the respondent's suspension at a hearing on December 10, 1987, a hearing board decided additional information was needed to make a determination regarding the appropriate discipline to be imposed. The disciplinary prosecutor was asked to acquire the needed information, and in the course of seeking additional documentation it was learned that respondent had been disbarred on consent in Pennsylvania on January 12, 1988.

The disciplinary prosecutor filed an amended complaint on March 16, 1988, to reflect the Pennsylvania disbarment. Under Pennsylvania law both the proceedings and the conduct leading to the disbarment are treated as confidential when the disbarment is consensual, so a description of the conduct leading to the disbarment was not available to the hearing board. On April 11, 1988, respondent executed a stipulation in which he agreed that disbarment in Colorado would be an appropriate form of discipline in this case.

The hearing board determined that respondent had engaged in conduct constituting grounds for discipline under C.R.C.P. 241.6 (any act or omission violative of rules regarding lawyer discipline and Code of Professional Responsibility), and had violated C.R.C.P. 241.17(b) (duty to report public discipline imposed by another state or any voluntary surrender of license to practice law in connection with disciplinary proceedings in another state), DR 1–102(A)(1) (violation of a disciplinary rule), DR 1–102(A)(3) (engaging in illegal conduct involving moral turpitude), DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6–101(A)(3) (neglect of a legal matter), DR 9–102(A) (failure to preserve identity of client's funds), and DR 9–102(B) (mishandling of client's funds). The hearing board also reviewed the procedures leading to respondent's disciplinary sanctions in Pennsylvania to determine whether there were sufficient grounds to allow imposition of the same sanctions in Colorado. Pursuant to C.R.C.P. 241.17(d), the board concluded that: 1) the Pennsylvania procedures comported with the requirements of due process of law; 2) the proof on which Pennsylvania based its determination of misconduct was not so infirm that the Colorado Supreme Court would be unable to accept the Pennsylvania determination of disbarment; 3) the imposition of the same discipline in Colorado as in Pennsylvania would not result in grave injustice; and 4) the conduct leading to the Pennsylvania disbarment and the Colorado stipulation of facts justify disbarment in Colorado. Given the respondent's violations of the Code of Professional Responsibility and the fairness of the Pennsylvania proceedings, the hearing board recommended that respondent be disbarred and assessed costs of the disciplinary proceedings. On July 30, 1988, a hearing panel unanimously approved the board's report.

Attorneys licensed to practice law in Colorado who are publicly disciplined in other states are subject to the same discipline in Colorado unless there are special circumstances which should lead to different sanctions in this state. C.R.C.P. 241.-17(a). In the absence of such special circumstances, disbarment in another state automatically leads to disbarment in Colorado. C.R.C.P. 241.17(d). We agree with the hearing board and hearing panel that there are no special circumstances present here that would justify this court in rejecting the Pennsylvania sanction of disbarment.

We accordingly order that the respondent, John E. Kochel, be immediately disbarred, that his name be stricken from the roll of attorneys licensed to practice law in

this state, and that he pay the costs of these proceedings in the amount of $289.95 by tendering this sum within thirty days of the date of this decision to the Supreme Court Grievance Committee, 600 Seventeenth Street, 500–S Dominion Plaza, Denver, Colorado, 80202.