*In re* ANTONIO CÓRDOVA GONZÁLEZ.

*Número:* MC-89-26     *Resuelto:* 1ro de marzo de 1990

*Antonio Córdova González, pro se.*

PER CURIAM: El Juez Superior Hon. Antonio G. Corretjer Piquer ordenó que se remitiera a este Tribunal el expediente del caso Civil Núm. 88–1025, *Lic. Antonio Córdova González v. Corrada del Río, Alcalde de San Juan,* a los fines de que se determine si el Lic. Antonio Córdova González ha infringido los Cánones 6, 29 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El 3 de mayo de 1989 le concedimos un término a dicho abogado para mostrar causa por la cual no debe ser disciplinado por haber incurrido en conducta impropia al utilizar un lenguaje ofensivo y desconsiderado hacia los abogados de la parte contraria en el susodicho caso.

El licenciado Córdova González compareció por escrito. En el afán de defender su postura, en ocasiones divaga sobre cuestiones y problemas personales y profesionales que le han afectado durante los últimos años. Aunque acepta los hechos, justifica su proceder a base de su derecho a la libre expresión. Citamos:

> En el caso de marras, nosotros, basados en la sabiduría que dan los años, con el mayor respeto y humildad, rogamos del perdón, la indulgencia y comprensión del Tribunal si en algo

pudiere entenderse, que, con nuestra actitud hacia los abogados de la parte adversa, faltamos al debido decoro y compostura al Hon. Tribunal. ¡Jamás! albergamos ni siquiera en el pensamiento, tal consideración.

Respetuosamente; sometemos que nuestro error no está en la letra o imputaciones hechas, nuestro error estriba en fungir como nuestro propio abogado, así como abogado de nuestra esposa, en defensa de nuestro mutuo peculio. Ello, nos ha hecho sufrir en nuestra propia piel, corazón y alma las angustias, crueldad, iniquidad y torpezas que cometen los abogados contra las *"partes,"* las cuales muchas veces como *abogados* de una causa no la experimentamos, pero como *parte* sí.

Hacemos hincapié que *en forma o manera alguna* nuestra dura y tal vez incisiva pluma, pudo ir esgrimida contra la honorabilidad, respeto y deferencia que siempre hemos tenido hacia los tribunales, a[u]n cuando a veces nos cuestionamos la bondad y sabiduría envuelta y utilizada por aquellos a quienes se les escoge para el sagrado deber y ministerio de implementar la aplicación y "administración" de la justicia.

Tenemos fe en la justicia, y en la institución o ministerio del Juez, m[a]s a veces, en los años de lucha, nos hemos cuestionado la sabiduría e idoneidad de los *escogidos* para ser ungidos con el sagrado difícil y prístino deber del desempeño de dicho ministerio.

No falla la institución ¡jamás! lo que falla, por múltiples y finitas razones, son el *nominador* y el *nominado*.

Así pues, entendemos que nuestra actitud y letra dura, no iba *jamás* dirigida al Tribunal, y que además, *aún a los abogados*, nos asiste el derecho a expresarnos y decirle al "pan, pan y al vino, vino", a[u]n cuando la letra escogida no sea sedácea. Respetuosamente, sometemos que la letra fuerte puede ser incisiva e hiriente, m[a]s no ilegal, indigna o irrespetuosa. Moción de 29 de junio de 1989, págs. 2–3.

El licenciado Córdova González fue alegadamente contratado en enero de 1988 por el Municipio de San Juan para que representara al Guardia Municipal Sr. William Rivera en un caso criminal en que fue acusado en la Corte federal de amenazar a un oficial federal con su arma de reglamento (*U.S. v. William Rivera*, Criminal Núm. 88–044). Al no po-

der ponerse de acuerdo con relación al pago de los honorarios, el 20 de junio de 1988 el licenciado Córdova González demandó en el foro local al Municipio de San Juan y a su Alcalde para el cobro de los cinco mil dólares ($5,000) alegadamente pactados como honorarios. Los abogados del Municipio solicitaron que se paralizaran los procedimientos por razón de que el patrimonio del demandante estaba bajo la jurisdicción del tribunal de quiebras. El tribunal accedió a lo solicitado mediante orden de 12 de septiembre de 1988. En escrito en que se opone a dicha orden, el licenciado Córdova González sostuvo, entre otras, que:

La interpretación del Departamento "Legal" del Municipio de San Juan, con el mayor respeto y deferencia hacia el Honorable Tribunal, sólo tiene tres (3) interpretaciones.

1ro. Que dichos "abogados" no tienen el menor conocimiento del derecho, según vuestra señoría, lo puede comprobar por los propios actos de dichos "instruidos en leyes."

2do. Que dichos señores "abogados" del Municipio de San Juan, no saben, no ya derecho, sino que tampoco, saben leer, ni tan siquiera inglés; ¿qué clase de estadistas? Ni buscan la fuente para asesorarse, pues de haber leído la Regla, dado que ex profeso hubiesen inducido a error.

Ambas conclusiones nos llevan a cuestionarnos ¿de qué clase de abogados se ha rodeado el Señor Alcalde de la Capital[?]

¿Son estos los señores, con posibilidad de tener en sus extremidades superiores, (no puede hacerse referencia a mente), la interpretación y aplicación del derecho en nuestro País, tal vez en un futuro cercano[?]

¿Son estos señores, los capacitados para asesorar a un "posible" gobernador? Estos son o podrán ser los futuros Secretarios de Justicia, Procuradores Generales, Fiscales, etc., etc.

3r[o]. La otra deducción, única y maquiavélica, pero con mucha probabilidad—de estos señores como ya lo ve el Honorable Tribunal, puede creerse cualquier cosa. Es que estos, ellos alegan nuestra solicitud de protección bajo el Capítulo XI de la Ley de Quiebras, en igual forma denigrante y alevosa

que la usaron contra nosotros, cuando hubimos de ser candidato a un puesto, en el propio partido que el Señor Alcalde y sus "abogados" militan. Usaron nuestra "Cobija" bajo el Once (11) como propaganda diz que denigranos (sic). Ello por supuesto, por su total desconocimiento del derecho. Moción de 3 de octubre de 1988, pág. 2.

Ello nos obliga a ir a los antecedentes del caso para evaluar justamente y en conformidad a la letra, al propósito y al espíritu de los cánones de ética profesional, la conducta del abogado.

■ A tenor con dicho historial, forzoso es concurrir con el juez de instancia de que el vocabulario utilizado no aporta en nada al decoro y a la deferencia que merecen los tribunales y que el mismo resulta ofensivo y de falta de consideración a los abogados de la parte contraria.

■ La conducta admitida viola, en esencia, la disposición del mencionado Cánon 29(1) y atenta contra el criterio general de los deberes del abogado en relación con sus compañeros y su profesión.(2) Esta conducta, a su vez, es lesiva a

---

(1) *"Canon 29. Cuestiones personales entre abogados*

"Los clientes, no los abogados, son los litigantes. Cualquier rencor que exista entre los clientes no debe afectar la conducta de los abogados entre sí ni las relaciones hacia el litigante contrario. Debe evitarse escrupulosamente toda cuestión personal entre los abogados. En el transcurso de un juicio es impropio aludir a la historia personal o peculiaridades individuales o idiosincracias del abogado adversario. Los coloquios entre abogados que causan dilaciones y provocan disputas deben también evitarse.

"Será altamente impropio de un abogado hacer imputaciones falsas que afecten la reputación y el buen nombre de un compañero. Cuando existan fundados motivos de quejas graves contra colegas, es el deber del abogado someter sus cargos a las autoridades competentes, debiendo utilizar para ellos los medios propios que dispone la ley.—Diciembre 24, 1970, ef. Diciembre 24, 1970." 4 L.P.R.A. Ap. IX.

(2) *"Criterio general*

"La preservación del honor y la dignidad de la profesión y la buena relación entre compañeros es responsabilidad ineludible de todo miembro de la profesión legal y para ello todo abogado debe observar con sus compañeros una actitud

la dignidad del tribunal. *In re Cardona Álvarez*, 116 D.P.R. 895 (1986).[3]

■ Ahora bien, en vista de que el licenciado Córdova González afirma que su intención no fue herir la sensibilidad y tachar la reputación de sus compañeros abogados, y evaluada su conducta a la luz de todas las circunstancias presentes, *nos limitamos en este momento a amonestarlo por su conducta impropia. Se le apercibe que de repetirse esta conducta estará sujeto a sanciones más drásticas.*

El Juez Presidente Señor Pons Núñez se inhibió. El Juez Asociado Señor Negrón García no intervino.

respetuosa, sincera, honrada y de cordialidad y cooperación profesional, velando siempre por el buen ejercicio de la profesión legal." 4 L.P.R.A. Ap. IX.

[3] Aquí señalamos que el abogado no tiene licencia absoluta para poner en entredicho o mancillar la dignidad de los jueces. Ese pensamiento es extensivo a los abogados contrarios.